FILED BY _____ D.C.

05 MAY 10 PM 2:25

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-20195 Ma/A |
| ) | |
| LEO BEARDEN, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION TO COMPEL PRODUCTION OF CONFIDENTIAL INFORMANT

Defendant Leo Bearden is under indictment for violation of 18 U.S.C. § 922(g). Before the court is Bearden's motion to compel the production of a confidential informant, filed April 21, 2005. The United States of America ("the government") responded on April 22, 2005, and filed a supplemental response on May 5, 2005. For the following reasons, the motion is DENIED.

### I. Background

The indictment alleges that, on April 16, 2004, Bearden, having been convicted of a felony, did "knowingly possess in and affecting interstate commerce, a firearm, that is a Glock .40 caliber semiautomatic pistol...."

The following facts are taken from Bearden's motion, unless

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 5-10-05

76

otherwise noted. On January 28, 2004, a confidential informant (CI) met with Deputy Jodie Chambers of the Shelby County Sheriff's Office. (Facts ¶ 1.) Other law enforcement officers were investigating the North Tire business at 3376 Watkins. (Id. ¶ 3; Gov. Facts at 1.) Conversations between Chambers and the CI led law enforcement to believe that one or more employees of North Tire were unlawfully armed. (Facts ¶ 3.) Bearden cites the following colloquy between the CI and Chambers as giving information about armed persons within the North Tire business:

> CI: You can come over to my house and drink cool aide with me if you want to ...
>
> Chambers: ... I got another one back here that I can get to. Got it right under here. And these [people] they got 'em on them too - and they that [person] a convicted felon but he got it on him because he is covering me.

Based in part on these conversations between Chambers and the CI, law enforcement conducted a search of the premises on April 16, 2004.[1] (Id. ¶ 3.) Bearden was present at the establishment at the time of the search. Law enforcement officers searched Bearden's person and found a handgun, and Bearden was arrested and charged with violation of 18 U.S.C. § 922(g).

## II. Analysis

The burden is on the defendant "to show how disclosure of the

---

[1] The government's pleadings state that the conversations at issue occurred between "the owner of the business and a confidential informant," and that the search was conducted with the consent of the owner. (Resp. at 1-2.) Although it has not been conclusively established, these statements suggest that Chambers was himself the owner of North Tire.

2

informant would substantively assist his defense." <u>United States v. Moore</u>, 954 F.2d 379, 381 (6th Cir. 1992). It is not enough that a defendant speculates that an informant may have some information which would be helpful to his case. <u>United States v. Sharp</u>, 778 F.2d 1182, 1186 (6th Cir. 1985). Bearden argues that the refusal to disclose the identity of the confidential informant violates his rights under the Confrontation Clause of the United States Constitution. Bearden cites authority holding that the out-of-court statements of a confidential informant may not be used to establish the guilt of a defendant absent an opportunity for cross examination. <u>United States v. Cromer</u>, 389 F.3d 662, 675 (6th Cir. 2004). He argues that knowledge of the identity of the CI is necessary for effective cross examination of an adverse witness.

Bearden has not demonstrated that any of the CI's statements will be used by the government to prove the allegations in the indictment. The Confrontation Clause is not implicated where assertions are offered not for their content, but rather to explain why or how an investigation began. <u>See</u> <u>United States v. Martin</u>, 897 F.2d 1368, 1371-72 (6th Cir. 1990). The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." <u>Cromer</u>, 389 F.3d at 676 (citing <u>Tennessee v. Street</u>, 471 U.S. 409, 414 (1985)). That the "[o]fficers obviously accepted the CI's statements for the truth of the matter asserted," as Bearden argues, does not mean

3

that the statements can or will be offered at trial for that purpose. The conversation at issue, at most, provides justification for the officers' decision to search the North Tire store.

Bearden has been afforded access to a partial written transcript of the conversations between the CI and Chambers. The only pieces of evidence being withheld are the CI's identity and an audiotape of the conversation, for fear that Bearden will recognize the CI's voice. Bearden identifies only the following out-of-court statement by the CI: "You can come over to my house and drink cool aide with me if you want to ...." Because this statement is not relevant to the question of Bearden's guilt of the offense charged in the indictment, Bearden has not established that his constitutional rights are implicated by a failure to disclose the identity of the speaker.

### III. Conclusion

For the foregoing reasons, the Defendant's motion is DENIED.

So ORDERED this 10th day of May 2005.

*/s/ signature/*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 76 in case 2:04-CR-20195 was distributed by fax, mail, or direct printing on May 10, 2005 to the parties listed.

---

Juni S. Ganguli
LAW OFFICES OF JUNI GANGULI
40 S. Main Ave.
Ste. 1540
Memphis, TN 38103

David Pritchard
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT